**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GOKOEV DZANSIR,

                              Petitioner,

    v.

JEREMY CASEY, Warden, Imperial Regional Detention Facility; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Director of U.S. Immigration and Customs Enforcement,

                              Respondents.

Case No.:  26cv2127 DMS AHG

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

    This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition.  Petitioner did not file a Traverse.  For the following reasons, the Petition is denied without prejudice.

    Petitioner is a native and citizen of Russia.  (Pet. at 2.)  On October 3, 2022, he entered the United States unlawfully.  (*Id.*)  On December 6, 2023, Petitioner was issued a Notice to Appear before an immigration judge and thereby placed in removal proceedings. (Decl. of Edgar Olvera in Supp. of Return ¶ 5.)  Petitioner failed to appear for his master

hearing in immigration court on April 29, 2025, and the immigration judge ordered him removed in absentia.  (*Id.* ¶ 6.)  On January 17, 2026, officers from Immigration and Customs Enforcement ("ICE") apprehended Petitioner during a commercial traffic stop.  Petitioner is currently detained at Imperial Regional Detention Facility.  (Pet. at 2.)

On April 3, 2026, Petitioner filed the present case alleging his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  Respondent argues Petitioner's detention has not yet exceeded the six-month period of presumptively reasonable detention under *Zadvydas*, therefore Petitioner is not entitled to release or a bond hearing.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period").  28 U.S.C. § 1231(a)(1)(A).  An alien must be detained during the 90-day removal period.  28 U.S.C. § 1231(a)(2).  After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal.  28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689.  Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable.  *Zadvydas*, 533 U.S. at 690, 701.  The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing.  *Id.* at 701.  If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute.  *Id.* at 699–700.  "In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances."  *Id.* at 700.

---

[1] Petitioner also alleges his due process rights were violated when the immigration judge issued a removal order without providing Petitioner notice and an opportunity to be heard.  Respondent did not address this claim, but it would appear to be appropriately addressed to the immigration judge as opposed to this Court.  *See* 8 U.S.C. § 1229a(b)(5) (stating in absentia removal order may be rescinded only upon a motion to reopen filed with the immigration judge).  Accordingly, the Court does not address that claim further.

26cv2127 DMS AHG

Here, Petitioner has been detained for slightly more than four months. There is, therefore, a presumption that Petitioner's detention is reasonable. To overcome that presumption, Petitioner bears the burden of showing his detention is unreasonable.

In an effort to meet that burden, Petitioner states he does not have a valid passport and the Russian consulate has not yet issued travel documents for Petitioner's return. However, Enforcement and Removal Operations ("ERO") requested Petitioner's travel document less than two months ago, and in this Court's experience, ERO has been successful in obtaining travel documents from the Russian Federation. Petitioner's assertions that he does not have a valid passport and that travel documents have not yet been issued are not sufficient to overcome the presumption that his present confinement is reasonable. Accordingly, the Petition for Writ of Habeas Corpus is denied without prejudice.

**IT IS SO ORDERED**.

Dated:  June 1, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv2127 DMS AHG